UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

NUHARREN SABON AYKANET,

                    Plaintiff,          **REPORT AND RECOMMENDATION**

   v.                              **24-cv-7731 (JS) (ST)**

GULF WAY MARINE SERVICE, INC
and FRED LAMAC,

                    Defendants.
-------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

On November 5, 2024, Plaintiff Nuharren Sabon Aykanet ("Plaintiff") sued Defendants

Gulf Way Marine Service, Inc. and Fred Lamac (collectively "Defendants") for alleged violations

of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  Before this

Court is Defendants' Motion to Dismiss (the "Motion"), filed April 22, 2025.  For the reasons

discussed below, this Court respectfully recommends that the District Court GRANT the Motion

and DISMISS the Complaint without prejudice.

## BACKGROUND

Plaintiff, a New York State resident, was employed by Defendants Gulf Way Marine

Service, Inc. and Fred Lamac since 1993. Compl. at ¶¶ 5, 12, ECF No. 1. Defendant Gulf Way

Marine Service is a domestic business corporation that has its principal place of business at 76

Shore Road, Port Washington, NY 11050, with Defendant Lamac operating as the sole owner and

operator of Gulf Way Marine Service. *Id.* at ¶¶ 7, 9. Defendants offered marine services to the

owners of boats that were docketed at Gulf Way Marina. *Id.* at ¶ 19. Plaintiff alleges he was the

sole employee for Defendants and performed all marine services offered, utilizing material and

equipment that originated outside of the state of New York and moved in interstate commerce. *Id.* at ¶¶ 19, 22. Plaintiff also alleges that Defendants have an annual gross volume of sales or business done totaling $500,000 or more. *Id.* at ¶16.

Plaintiff alleges that he was a non-exempt employee who worked in excess of forty hours per week for Defendants, but was paid neither the hourly rate nor the overtime premium rate for weekly hours worked in excess of forty hours. *Id.* at ¶¶ 24-33. Furthermore, Plaintiff alleges that he did not receive a wage statement or wage notice at any time during his employment with Defendants. *Id.* at ¶ 36. Resultingly, Plaintiff filed his Complaint against Defendants on November 5, 2024, alleging Defendants violated the Fair Labor Standards Act and New York Labor Law. On April 22, 2025, Defendants filed their pending Motion to Dismiss ("Motion") to which Plaintiff filed an Opposition ("Opposition") to and Defendants' subsequently filed a Reply ("Reply").

## LEGAL STANDARD

Defendants moves to dismiss the Complaint under Federal Rule 12(b)(6) of Civil Procedure. Under Rule 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12. To survive such a motion, a complaint must contain sufficient facts that, when accepted as true, state "a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In doing so, the Court must accept the complaint's well-pleaded factual allegations as true

2

and draw all reasonable inferences in the plaintiff's favor. *See Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 458 (2d Cir. 2019). However, allegations that "are no more than conclusions are not entitled to the assumption of truth." *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010); *see Iqbal*, 556 U.S. at 663 ("the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."); *Larsen v. Berlin Bd. of Educ.*, 588 F.Supp.3d 247, 256 (D. Conn. 2022) ("a court need not credit conclusory or contradictory allegations.").

## **DISCUSSION**

In order for Plaintiff's FLSA claims to survive a motion to dismiss, Plaintiff's Complaint must plausibly establish that Defendants are an "Enterprise engaged in commerce or in the production of goods for commerce," meaning that Defendants (1) "ha[ve] employees engaged in commerce or in the production of goods for commerce, or that ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and (2) "[are] an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C.A. § 203 (s)(1).

I.      **Plaintiff sufficiently alleges the first prong that Defendants plausibly have employees engaged in commerce or in the production of goods for commerce, or have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.**

To survive a motion to dismiss on the first prong, Plaintiff "must provide only straightforward allegations connecting that work to interstate commerce" "[a]side from stating the nature of his work and the nature of [his employer's] business." *See Dixon v. Intl. Unified Workforce*, Inc., No. 18-CV-7991-LDH-SJB, 2020 WL 6140054, at *3 (EDNY Sep. 1, 2020).

However, such straightforward allegations must provide more than conclusory allegations and must be accompanied with greater factual backing than simply relying on "information and belief." *See Zavada v. Mehbizar, Inc.*, No. 223CV03682OEMARL, 2024 WL 759351, at *3 (E.D.N.Y. Feb. 23, 2024).

In the instant matter, Plaintiff satisfies this burden as Plaintiff's Complaint adequately alleges that Defendants have "two (2) or more employees handle goods or materials that have moved in interstate commerce, including but not limited to the building construction materials utilized in connection with marine services." Compl. at ¶ 48. Furthermore, Plaintiff's Complaint explicates upon these types of building construction materials to support his assertion that many of these items were produced outside the state of New York or traveled through interstate commerce before being utilized by Plaintiff in his employment with Defendants. *See id.* at ¶ 48; *see also* Opp'n at 5. In opposition, Defendants offer nothing more than barebones citations of caselaw along with the conclusory allegation that "Plaintiff's job responsibilities were even more localized [than that of the plaintiff waitress in *Li v. Cheng*], and it would be difficult to find the restaurant engaged in interstate commerce pursuant to the Statute." Motion at 8. Even if Defendants provided factual allegations to support such an assertion, the Court is precluded from making factual determinations as it "must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *See Gamm*, 944 F.3d at 458. Therefore, Plaintiff's Complaint sufficiently pleads that his work with Defendants was connected to interstate commerce.

4

**II.    Plaintiff fails to sufficiently allege the second prong that Defendants are an enterprise whose annual gross volume of sales made or business done is not less than $500,000.**

To survive a motion to dismiss on the second prong, Plaintiff must plausibly establish that Defendants are "an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C.A. § 203 (s)(1). A conclusory allegation, speaking to legal conclusions regarding coverage under the FLSA, [] accompanied only by further allegations made upon 'information and belief' that Defendants 'have had annual gross revenues in excess of five-hundred-thousand dollars ($500,000.00)' is insufficient to survive a motion to dismiss. *Zavada*, 2024 WL 759351, at *3. "Where a plaintiff merely repeats the statutory language under FLSA and fails to provide sufficient facts for the Court to infer that defendant is an enterprise 'engaged in interstate commerce' within the meaning of FLSA, the Complaint does not meet the necessary pleading threshold." *Dixon*, 2020 WL 6140054, at *6.

In the instant matter, Defendants allege that Plaintiff failed to establish that Defendants have a gross revenue exceeding $500,000. Mot. at 6. Defendants further supply copies of their tax returns for all relevant years, showcasing net receipts falling well below the $500,000 threshold prescribed under the FLSA. *See* Def. Lamac's Aff. However, the Court cannot consider such documents proffered by Defendants in deciding the pending Motion to Dismiss.[1] Nevertheless, Plaintiff's Complaint fails to provide any factual basis for the conclusory allegation that Defendants' business exceeds the $500,000 threshold other than that of "information and belief."

---

[1] *Dzwonczyk v. Syracuse City Police Dep't*, 710 F. Supp. 2d 248, 256 (N.D.N.Y. 2008) (internal citations omitted) ("when deciding such a motion, the court may only consider the factual allegations in the complaint, [...] documents attached to the complaint as exhibits or incorporated by reference, [... matters of which judicial notice might be taken, and [...] documents either in plaintiff's] possession or of which [the] plaintiff [ ] had knowledge and relied on in bringing suit."

*See* Compl. at ¶¶ 16, 49. Such conclusory allegations, speaking to legal conclusions regarding the $500,000 threshold under FLSA, that are accompanied solely by allegations made upon "information and belief" are insufficient to survive a motion to dismiss. *Zavada*, 2024 WL 759351, at *3. Therefore, Plaintiff fails to sufficiently plead that Defendants are an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

Thus, the Court recommends that the District Court grant Defendants' Motion to Dismiss and that the District Court refuse to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See Carlsbad Tech., Inc. v. HIF Bio, Inc*., 556 U.S. 635, 639 (2009) ("[a] district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

### III.    Plaintiff is granted leave to replead.

As a final point, Plaintiff should be given leave to replead. Generally, leave to replead should be given if "the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). Such is the case here, as factual allegations, stronger than that of simple "information and belief," could potentially be proffered by Plaintiff to support their FLSA claims against Defendant.  If Plaintiff can establish the $500,000 threshold with factual statements beyond simply parroting the statute, a facially valid FLSA claim would exist given the other allegations in the Complaint.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the District Court GRANT Defendants' Motion and DISMISS the Complaint with leave to amend.

## OBJECTIONS TO THIS REPORT AND RECOMMEDATION

Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 Fed. Appx. 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/_____
Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
February 5, 2026

7